IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEREK WAYNE JACKSON,** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-4495 |
| : | |
| **JOHN GRADEL,** *et al.*, : | |
| Defendants. : | |

**MEMORANDUM**

**MCHUGH, J.**                                                                                                        **SEPTEMBER 4, 2024**

Currently before the Court is a Complaint filed by Plaintiff Derek Wayne Jackson pursuant to 42 U.S.C. § 1983, in which Jackson claims he has been subjected to unconstitutional conviction and imprisonment. Jackson seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Jackson leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**I.     FACTUAL ALLEGATIONS**[1]

In 2006, Mr. Jackson was convicted of murder and related offences in the Montgomery County Court of Common Pleas and sentenced to life imprisonment. *Commonwealth v. Jackson*, No. CP-46-CR-0003616-2005 (C.P. Montgomery). He unsuccessfully challenged his convictions on appeal and through post-conviction proceedings. *Id.* In 2013, Jackson filed a petition for a writ of *habeas corpus* in this District. *Jackson v. Coleman*, Civ. A. No. 13-5932 (E.D. Pa.). Jackson's petition remains pending following an evidentiary hearing. *Id.*

---

[1] The following allegations are taken from the Complaint and publicly available dockets of which this Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court adopts the pagination supplied by the CM/ECF docketing system.

In the instant civil action, Mr. Jackson brings claims pursuant to 42 U.S.C. § 1983 against two of the prosecutors responsible for his prosecution—John Gradel and Juliet Faulkner—and a private attorney, David Farrell, who was appointed to represent Jackson in his criminal case and who withdrew from representation after trial and sentencing. (Compl. at 1-3); *see Jackson*, No. CP-46-CR-0003616-2005. By checking the relevant locations on the form complaint that he used to prepare his pleading, Jackson indicates that he is suing the prosecutors in their official capacity. (Compl. at 2.)

Although Jackson's allegations are sparse, it is apparent that he is bringing claims based on alleged constitutional violations that he claims caused his conviction, *i.e.*, prosecutorial misconduct—specifically that both prosecutors "lied knowingly under oath"—and ineffective assistance of counsel. (*Id.* at 4-5.) In support of his claims, he attached orders from his *habeas* case reflecting that the court was holding an evidentiary hearing on certain of his *habeas* claims. (*Id.* at 12-13); *see also Jackson v. Coleman*, 558 F. Supp. 3d 210, 220 (E.D. Pa. 2021) ("[A]n evidentiary hearing will be held on claim one as recommended by the R&R and on claims two and four for the reasons discussed in this Memorandum Opinion."). As relief, Jackson seeks dismissal of his state criminal case, release from imprisonment, and damages for time he spent incarcerated. (Compl. at 5.)

## II.   STANDARD OF REVIEW

The Court grants Jackson leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether

---

[2] However, as Jackson is currently incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, --- F.4th ---, 2024 WL 3820969 (3d Cir. Aug. 15, 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Jackson is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

**III.   DISCUSSION**

Mr. Jackson has not stated a plausible § 1983 claim. "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," rather than a § 1983 action. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (*per curiam*); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). This means that "whenever [a prisoner's] challenge ultimately attacks the 'core of habeas' — the validity of the continued conviction or the fact or length of the sentence — [the] challenge, however denominated and regardless of the relief

sought, must be brought by way of a habeas corpus petition." *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

A corollary of this principle is that a § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)). "A claim . . . bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." *Heck*, 512 U.S. at 487 (emphasis in original). In this context, "the favorable-termination requirement is a necessary element of the claim for relief under § 1983." *Garrett v. Murphy*, 17 F.4th 419, 429 (3d Cir. 2021).

Jackson seeks release from incarceration, dismissal of his criminal case, and damages for time he spent incarcerated pursuant to an allegedly false conviction procured in violation of the constitution. Since these claims challenge the very fact of Jackson's convictions and related imprisonment, they are not cognizable in a § 1983 action. *See Long v. Atl. City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (*Heck* barred claim that "defendants conspired to obtain a capital murder conviction against [plaintiff]" including by committing perjury and fabricating evidence); *Humphries v. Houghton*, 442 F. App'x 626, 629 (3d Cir. 2011) (*per curiam*) ("Humphries' claims that defendants used perjury and false evidence to secure his federal

conviction are not cognizable under Heck's favorable termination rule."). To the extent Jackson seeks to challenge the constitutionality of his convictions and imprisonment in federal court, he must do so through his *habeas* proceeding. If he successfully invalidates his conviction, then and only then would any related damages claims be cognizable.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Jackson leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice to Jackson challenging his convictions in his *habeas* proceeding, or filing a new civil rights complaint, provided, however, that he may only pursue a civil rights claim if his convictions are reversed, vacated, or otherwise invalidated.[3] *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (*Heck*-barred claims must be dismissed without prejudice). Leave to amend will not be given at this time because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). Jackson's request for counsel is denied. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).

An appropriate Order follows, which dismisses this case.

                               **BY THE COURT:**

                               /s/ Gerald Austin McHugh

                               **GERALD A. MCHUGH, J.**

---

[3] Mr. Jackson should note that defense counsel cannot be subject to liability under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). Further, prosecutors are immune from damages for claims against them in their individual capacities based on acts taken when prosecuting the Commonwealth's case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Official capacity claims, which are essentially claims against the District Attorney's Office, must be based on an official policy or custom to state a claim. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978).